## THE SEMINOLE.[1]

### LYNCH *v.* THE SEMINOLE.

*(District Court, E. D. New York. March 15, 1890.)*

ADMIRALTY—LIBEL FOR POSSESSION.

> The yacht S., belonging to one Blunt, and then lying at Brunswick, Ga., was purchased by Leonard for $1,000, of which $150 in cash, and $850 in notes. A bill of sale was delivered to Leonard, which contained no copy of the certificate of enrollment, and also an order on the person in charge of the boat to deliver her to Leonard or order. Leonard, the same day, sold the yacht to Lynch, this libelant, for $700, of which $110 was paid on the spot. Instead of a bill of sale, the order for delivery of the yacht was given to libelant, which he turned over to a person whom he employed to bring the yacht to New York. Leonard afterwards obtained this order from the employe without the knowledge of libelant, and delivered it to one Farnham, who started with the yacht for New York. Libelant thereafter demanded of Leonard the bill of sale, which was refused. After the vessel arrived in New York, Leonard delivered a bill of sale to Waterhouse, his brother-in-law, for an expressed consideration of certain moneys claimed to have been advanced on her. On libel for possession, the various parties above named appearing in the action, it was *held* that the title to the boat was in Lynch, and possession of her would be awarded to him on his payment into court of the balance of the purchase money, $590, less his taxed costs, which sum should be paid over to Waterhouse.

In Admiralty. Libel for possession.

On July 5, 1889, William Leonard purchased the yacht Seminole, then lying at Brunswick, Ga., from Edmund Blunt, for $1,000. He paid Blunt $150 in cash, and gave his notes, indorsed, for the balance, $850. He received from Blunt a bill of sale of the yacht, which contained no copy of the certificate of enrollment. He also received a written order on the person in charge of her to deliver her "to bearer, William Leonard, or order." Leonard, later on the same day, sold the yacht to the libelant, George M. Lynch, for $700. Lynch paid $110 in cash, and agreed to pay the balance on receipt of the bill of sale; Leonard stating that he had not yet received a bill of sale from Blunt. Leonard, however, gave the order for the delivery of the yacht to Lynch, and the latter delivered it to a person employed by him to bring the yacht from Brunswick to New York. Leonard, subsequently, on the same day, obtained the order from this person, without the knowledge or con-

----

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

sent of Lynch, and delivered it to one Farnham, who started on the same evening for Brunswick. On learning these facts, Lynch made a formal tender of the balance of the purchase money to Leonard, and demanded a bill of sale, which was refused. Farnham arrived at New York with the yacht on September 21, 1889. On September 23, 1889, Leonard made and delivered a bill of sale of the yacht to William S. Waterhouse, his brother-in-law, for an expressed consideration of $1,200, which Waterhouse claimed to have advanced on her. This bill of sale contained a copy of an old certificate of enrollment in the name of one Douglas. No new enrollment was had by either Leonard, Lynch, or Waterhouse, and neither of the bills of sale was recorded. On January 17, 1890, the libelant, on learning the whereabouts of the yacht, filed this possessory libel. A claim and answer were filed by Waterhouse, claiming title by bill of sale from Leonard. Leonard answered, denying the sale to Lynch, and alleging the sale to Waterhouse. Blunt intervened by petition, claiming the right to rescind the sale to Leonard, and that no title had passed from him to Leonard. He alleged that, at the time of his sale to Leonard, the latter represented himself and his indorser as responsible men and owners of certain specified real estate of great value; and that he only discovered the falsity of these statements after judgments had been obtained against Leonard on the promissory notes, and executions against his property had been returned unsatisfied.

*Albert A. Wray*, (*Joseph F. Mosher*, of counsel,) for libelant, cited *The Fannie*, 8 Ben. 429; *Bank* v. *Smith*, 7 Wall. 646; *D'Wolf* v. *Harris*, 4 Mason, 515; *The Lodemia*, Crabbe, 271; *The Active*, Olcott, 286; *The Amelie*, 6 Wall. 18; *Bank* v. *Jones*, 4 N. Y. 497; *City Bank* v. *Rome, W. & O. R. Co.*, 44 N. Y. 136; *Merchants' Bank* v. *Union R. & T. Co.*, 69 N. Y. 373.

*H. E. Talmadge*, (*Charles E. Le Barbier*, of counsel,) for Waterhouse and Leonard.

*Alexander Cameron*, for Edmund Blunt.

BENEDICT, J. Let a decree be entered in this case directing the sharpie Seminole to be delivered by the marshal into the possession of the libelant, George M. Lynch, upon the payment by the libelant, Lynch, into the registry of the court of the sum of $590, less the amount of the taxed costs of the libelant Lynch in this action; and further directing that the sum so paid into the registry, after deducting said costs, be paid over to the claimant, Waterhouse, or his proctor; and further directing that the claim of Edmund Blunt to the possession of the said sharpie be dismissed, without costs.